■ MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent, v TRANSGROW REALTY CORP. et al., Appellants, et al., Defendants. — Order of the Supreme Court, Bronx County (Irwin M. Silbowitz, J.), entered on December 16, 1983, which granted the motion by plaintiff-respondent Massachusetts Mutual Life Insurance Company for a summary judgment of foreclosure on the mortgage encumbering the subject property, formerly known as the "Korvette's Shopping Center" in The Bronx, is unanimously reversed, on the law, and the motion denied, with costs and disbursements. ¶ Plaintiff, the present holder of a first mortgage on the subject premises, has moved for a summary judgment of foreclosure. It is plaintiff's contention that defendant Transgrow Realty Corporation, the current title holder of the property, as well as its predecessors in title, has committed multiple defaults under the mortgage and extension agreement, entitling plaintiff to accelerate the principal balance due and to commence the instant proceeding upon Transgrow's failure to pay the entire indebtedness upon demand. According to plaintiff, the breaches at issue involve such matters as Transgrow's failure to make major repairs and halt the continuing deterioration of the building, permitting real estate taxes to fall into serious arrears, defendants' refusal to submit certain required financial statements and furnish annual audited financial reports, and the assignment of Korvette's lease in 1981 in violation of a nonassignment clause. There is, however, no claim of a monetary default under the loan. ¶ The general rule is that a mortgagor is bound by the terms of the contract and cannot be relieved of a default in the absence of a waiver by the mortgagee, or estoppel, bad faith, fraud, oppressive or unconscionable conduct on the latter's part. (*Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175.) Nevertheless, when a plaintiff moves for summary judgment, "it is proper for the court to look beyond the defendant's answer and deny summary judgment if facts are alleged in opposition to the motion which, if true, constitute a meritorious defense" (*Nassau Trust Co. v Montrose Concrete Prods. Corp., supra,* at p 182). An examination of the record in the instant case reveals that while there may

indeed have been a number of breaches of the mortgage and/or extension agreement, it appears that several of these defaults were sufficiently inconsequential or technical so that foreclosure may not be appropriate. Moreover, the purported breaches seem to have been long standing in nature. The fact that plaintiff allowed the lapse of a substantial period of time without attempting to enforce the mortgage may have encouraged the mortgagor to expend significant sums of money, or take other action in reliance thereon, such as would create a situation of waiver and estoppel. In that connection, Transgrow asserts that it endeavored to improve the condition and financial status of the property, which included renovation of the old Korvette establishment, that it acquired a major new tenant and that it has cured many of the existing building violations, all of which cost a great deal of money. Transgrow, in addition, seems to have made significant efforts to cure the outstanding tax arrears. Under these circumstances, sufficient questions of fact have been raised to warrant the denial of summary judgment. Concur — Carro, J. P., Asch, Fein, Milonas and Kassal, JJ.