OPINION OF THE COURT
David B. Saxe, J.
The movant Patco Real Estate Investors, Inc. (hereinafter Patco) has moved for an order preliminarily enjoining the City of New York from conveying, foreclosing or otherwise interfering with its ownership of the premises known as 151-153 West 133rd Street, New York, New York.
On June 6, 1985, Patco took title to the premises, subject to the terms of an in rem installment agreement. Apparently, Patco has made significant improvements and repairs to the premises. Additionally, it is undisputed that Patco has made all quarterly principal and interest payments required under the terms of the agreement, and until the present time, all required payments of real estate and frontage charges. However, *523 through a bookkeeping error, Pateo neglected to submit the proper payment for a 1986-1987 frontage and sewer bill. The bookkeeper mistakenly paid only a quarter of the bill when the full amount was due, believing that the bill was to be paid in the same manner as was the principal-quarterly installments.
Upon learning of the deficiency, Pateo immediately tried to rectify the error but the city refused payment. Subsequently the city declared Pateo in default of the in rem agreement and brought the present foreclosure action. Patco’s basic argument is that its default is inconsequential and excusable.
The issue is whether Patco’s deficient payment of the frontage and sewer bill constitutes a sufficient default under the installment agreement and therefore enables the mortgagee to foreclose. It is well settled that courts will not grant relief to the mortgagee when the default is based upon nonpayment of principal or interest. This is so even though such payment may be a trivial sum. In addition, there must not have been a showing of waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the mortgagee. (Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183 [1982].)
Yet, it has been observed that a less rigid rule should apply to a failure to pay taxes. (Massachusetts Mut. Life Ins. Co. v Transgrow Realty Corp., 101 AD2d 770 [1st Dept 1984].) This is so because there is no requirement to pay anything to the mortgagee; it is a collateral undertaking to protect the mortgagee against impairment of his security. Therefore, the court has the power to grant relief if the default is neither willful nor continuous, but is cured and the security restored unimpaired. Thus, " 'equity will relieve against it if default has been due to mere venial inattention and if relief can be granted without damage to the lender’ ”. (Key Intl. Mfg. v Stillman, 103 AD2d 475, 486 [2d Dept], citing Noyes v Anderson, 124 NY 175 [1891].) Thus, it is within the court’s discretion to disallow the foreclosure if the court deems the default to be based on nonpayment of an insufficient collateral expense.
Under the present circumstances, Patco’s default is not based on nonpayment of principal or interest. Rather, the default stems from a deficient payment for the collateral expense of frontage and sewer service. Clearly a bookkeeping error of such minimal ramifications cannot be allowed to lead *524 to the mortgagee’s extreme remedy of foreclosure. Therefore, because the mortgagee’s security has not been impaired, the default is insufficient to warrant foreclosure.
Based on the foregoing, the foreclosure proceedings with respect to the premises at issue are vacated and the in rem installment agreement that was canceled is deemed reinstated and further, Pateo shall pay all installments to the city pursuant to that in rem agreement.