**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,**

v.

**SPARK TARRYTOWN, INC., People of the State of New York, the Town of Mount Pleasant, Village of North Tarrytown, and John Doe Nos. 1 to 20, Defendants.**

**VILLAGE OF NORTH TARRYTOWN, Third Party Plaintiff,**

v.

**Larry RUSH, Third Party Defendant.**

**No. 92 Civ. 7053 (VLB).**

United States District Court, S.D. New York.

Feb. 5, 1993.

Thomas B. Decea, Cooper, Liebowitz, Royster, & Wright, Elmsford, NY, for plaintiff.

Robert J. Ponzini, Maroney Ponzini & Spencer, Tarrytown, NY, for defendant Village of North Tarrytown.

Robert Abrams, Atty. Gen., New York City, for defendant People of the State of New York.

Larry Rush, pro se.

## MEMORANDUM

VINCENT L. BRODERICK, District Judge.

### I

On September 29, 1992, I granted the proposed order of plaintiff Federal Home Loan Mortgage Corporation ("FHLMC") for *ex parte* appointment of a receiver because of exceptional circumstances justifying proceeding without notice. This memorandum is designed to explain the reasons for my granting the relief requested. The FHLMC's application in this case meets the stringent requirements which are prerequisites to granting *ex parte* motions for receiverships.

### II

■ In *Connecticut v. Doehr,* —— U.S. ——, 111 S.Ct. 2105, 115 L.Ed.2d 1 (1991), the United State Supreme Court made it clear that property interests cannot be taken without pre-deprivation notice unless such notice is impractical, e.g., because the party involved cannot be found, because of a bona fide emergency situation, or because prior notice would be likely to result in disappearance of critical evidence or property. See *In re Vuitton et fils, SA,* 606 F.2d 1 (2d Cir.1979); *Marion Mortgage Co. v. Edmunds,* 64 F.2d 248, 251 (5th Cir.1933).

■ Thus, contractual, regulatory, or statutory authority for a receivership, whether on notice or on an *ex parte* basis, while necessary to such a grant, is not sufficient. The appointment of a receiver in the first instance is to be considered " 'an extraordinary remedy' ... that ... should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property," such as harm to the property's marketability, see, e.g., *Citibank, N.A. v. Nyland (CF8), LTD,* 839 F.2d 93, 97 (2d Cir.1988) (quoting *Chambers v. Blickle Ford Sales,* 313 F.2d 252, 260 [2d Cir.1963] ).

A receivership is a drastic remedy dispossessing former owners of assets, imposing substantial additional costs. In some instances appointment of a receiver may risk disruption of the affairs of nonparties such as tenants in a building or other trading partners. Such trading partners may find that formerly routine matters now require approval of persons who are unfamiliar with the circumstances and may be reluctant to act promptly without time-consuming review.

### III

■ Where such relief is sought *ex parte,* it is particularly important that adequate factual support be provided to indicate that dispensing with notice is warranted. *United States v. Ianniello,* 824 F.2d 203, 207 (2d Cir.1987). As with any equitable remedy, the equities must be balanced

in favor, not only of the relief itself, but of its timing.

Lack of notice deprives the owner, or lessee of property, of the opportunity to object to appointment of a receiver or to propose an alternative way of dealing with the situation giving rise to the application.

A court cannot assume that no valid objections are possible, merely because an applicant produces a signed agreement permitting *ex parte* appointment of a receiver in the event of a default described in affidavits accompanying the application. Unmentioned circumstances such as payment, subsequent agreements, fraud, setoff, existence of other adequate security, unconscionability, breach of warranty, and similar matters may be relevant.

An emergency may also have been foreseeable, so that the need for *ex parte* relief is traceable to prior inaction by the applicant for the receivership, constituting laches barring *ex parte* appointment of a receiver.

### IV

■ This application for *ex parte* appointment of a receiver shows in reasonable detail, in addition to contractual, regulatory or statutory authorization for such relief and a default triggering such authority, existence of a genuine emergency requiring such action. In addition, the showing in the affidavit and other papers submitted by the FHLMC here involves inability to locate or reach responsible persons at a time when funds due for rent or for necessary repairs to property are likely to disappear.

Absent such circumstances, in many but not all instances, an order to show cause with an expedited return date may be adequate where responsible parties can be located.

If *ex parte* relief is requested, careful review of the exact terms of an order authorizing a receivership is important. The approved order in the present case and its accompanying letter with respect to service, which are attached as Exhibit A, reflect the notice and other due process protections of property rights that are essential where judicial waiver of a pre-deprivation hearing is sought.

Among the aspects of such *ex parte* orders requiring specific scrutiny are the following: [1]

1. Imposition of obligations enforceable by contempt or otherwise on parties not shown by the papers submitted to have engaged in any wrongdoing, extending beyond mere recognition of the receiver as custodian of the property involved.

2. Establishment of a low threshold for routine expenditure approval by a plaintiff or by the court in the event of a disagreement, thus risking unnecessary delay, expense, and consumption of resources.

3. Failure to permit uninterrupted routine provision of services to nonparties and action necessary in the ordinary course of business of supervision of the property.

4. Requirement for production of large amounts of documents in the possession of parties not shown to have engaged in any wrongdoing without pursuing ordinary discovery or subpoena proceedings under the Federal Rules of Civil Procedure.

5. Requests for identical relief as against all defendants, rather than relief pertaining specifically to each defendant.

6. Failure to allege more than cursory efforts to serve the defendant.

None of these deficiencies exists in the present instance, where the defendants could not be located, rents are about to come due and their disposition is unknown, and plaintiffs offer proof that they are entitled to receive rents and that the defendants have failed to make monthly pay-

---

1. Consideration may also be given to whether blanket authorization to retain counsel needs to be provided, as appropriate to the case, or whether prior court approval should be re-quired. In addition, instances in which the receiver is to act at the instance of or obtain the approval of the plaintiff or plaintiff's attorneys may justify further scrutiny.

ments of principal, interest and escrow due beginning October 1991 despite repeated requests giving notice since January 1992.

SO ORDERED.

## EXHIBIT A

Federal Home Loan Mortgage Corporation, Plaintiff,

against

Spark Tarrytown, Inc., People of the State of New York, the Town of Mount Pleasant, Village of North Tarrytown, and John Doe Nos. 1 to 20, Defendants.

The names of the John Doe defendants being fictitious and unknown to plaintiff, the persons and entities intended being parties having an interest in or lien against the premises sought to be foreclosed herein, as owner, tenant, shareholder, or otherwise.

## EX–PARTE ORDER APPOINTING RECEIVER IN FORECLOSURE

### Sept. 29, 1992.

Upon reading and filing the verified complaint and the issuance of a summons herein and upon the annexed affidavit of Thomas B. Decea, Esq., sworn to on the 29th day of September, 1992, together with the exhibits annexed thereto; and it appearing to the satisfaction of the Court that this action is brought to foreclose a mortgage upon certain premises situate in Westchester County, State of New York, (the "Mortgage"), securing the prompt payment of a promissory note in the amount of $350,-000.00 (the "Note"); that in and by the Mortgage it was covenanted that if default should be made in the payment of the principal sum or of the interest which should accrue on the Note secured by the Mortgage, or of any part of either, at the respective times therein specified for the payment thereof, the rents and profits of the mortgaged premises were thereby assigned to the mortgagee, and it was further covenanted that the mortgagee should be at liberty immediately after any such default, to apply for the appointment of a receiver of the rents and profits of the

mortgaged premises, without notice, and that the mortgagee should be entitled to the appointment of such receiver as a matter of right, without consideration of the value of the mortgaged premises, the adequacy of any security of the mortgage debt, or the solvency of any person or persons liable for the payment of such amounts; that the mortgagor is in default for the nonpayment of (a) principal and interest (b) late charges, (c) escrow payments, and (d) other charges due pursuant to the terms of the Note and Mortgage; that the mortgaged premises are rented for substantial rentals and that the rentals are not being applied to the reduction of the charges against the mortgaged premises; and that the appointment of a receiver of the rents and profits of the premises is necessary for the protection of the plaintiff; and upon all other papers filed and proceedings had herein;

NOW, on motion of Cooper, Liebowitz, Royster & Wright, attorneys for the plaintiff herein, it is

ORDERED, that Jerry Waxenberg of Norwax Associates, Inc., be and hereby is appointed Receiver of the rents and profits now due and unpaid or to become due during the pendency of this action and arising out of the mortgaged premises which is known by the street number 85–87 Cortlandt Street, North Tarrytown, New York (the "Property"), and which is more specifically described in the complaint and notice of pendency filed herein, for the benefit of and to protect the rights of the plaintiff herein, with the usual powers of such Receiver, and he shall receive a commission, payable monthly, equal to 5% of the rents collected by the receiver; and it is further

ORDERED, that the Receiver is authorized to forthwith take charge and enter into possession of the property; and it is further

ORDERED, that the Receiver be and hereby is authorized and directed to demand, collect and receive from tenants in possession of the Property, or other persons liable therefore, all rents now due and

unpaid or hereafter to become due; and it is further

ORDERED, that the tenants or other persons in possession of the Property attorn to said Receiver, and pay over to such Receiver all rents of the Property now due and unpaid, or which may hereafter become due; and it is further

ORDERED, that during the pendency of this action all person, except the Receiver named herein, or his duly designated agent, are hereby enjoined and restrained from collecting any rents, profits or other income, including, but not limited to, rents, maintenance fees and other amounts due under proprietary leases, from the Property and from interfering in any manner with the Property or its possession; and all tenants of the Property and other persons liable for the rents are hereby enjoined and restrained from paying any rent to defendants, their agents, employees, partners, independent contractors, servants, or attorneys or to any other person other than the Receiver named herein, or his duly designated agent; and it is further

ORDERED, that defendant Spark Tarrytown, Inc., is hereby ordered to deliver to the Receiver within 10 days of the date of receipt of a copy of this Order all original valid and existing leases and any amendments thereto and extensions thereof together with any and all other papers affecting the rental, maintenance or other operation of the Property or any part or parts thereof which they may have in their possession or which are in the possession of their agents, including, but not limited to, all rent rolls and all lists of tenants and occupants of the Property, copies of all management, service and supply agreements, lists of all employees employed by defendants or their agents, copies of current Apartment Registration Form RR–1 for each lease, all records and files relating to leases, all information relating to tax abatements affecting the Property, information relating to any major capital improvements or rent increases approved by the New York State Division of Housing and Community Renewal, copies of any petitions, pleading or documents pending therein and copies of apartment registration documents filed therewith that defendants may possess; and it is further

ORDERED, that defendant Spark Tarrytown, Inc., is hereby directed to turn over to the Receiver all the monies now on deposit with them, their agents, employees, partners, independent contractors, servants, or attorneys as rent security, to be held by the Receiver in a separate savings account in a bank insured by the Federal Deposit Insurance Corporation, pursuant to the terms and provisions of the lease agreements entered into by the tenants who made such deposits; and that if said defendant fails to do so within ten (10) days after service of a copy of this order upon them or any of them, then said defendant be adjudged to be in contempt of this Court; and within thirty (30) days after receiving such rent security funds, the Receiver shall notify each of such tenants by certified mail that the respective security of each of the tenants so received is held by the Receiver in the place and stead of the defendants, and is held pursuant to the terms and provisions of each respective tenant's lease; and it is further

ORDERED, that all persons now or hereafter in possession of the Property, or any part thereof, and not holding such possession under valid and existing leases or tenancies do forthwith surrender such possession to the Receiver; and it is further

ORDERED, that the Receiver hereby is authorized to institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the whole or any part of the Property, and to institute and prosecute suits for the collection of rents now due or hereafter to become due, and to institute and prosecute summary proceedings for the removal of any tenants or other persons therefrom and to retain counsel to prosecute such summary proceedings; and it is further

ORDERED, that the Receiver is authorized to retain legal counsel, if necessary, only after the written consent of plaintiff's

attorneys, and to pay the reasonable value of said counsel's services out of the monies received; and it is further

ORDERED, that the Receiver is hereby authorized to employ an agent, who shall be paid a reasonable fee from the rents collected not to exceed 3% of such rents so collected, payable monthly, which fee is to be in addition to and separate and apart from the 5% statutory Receiver's commission on the rents collected to be paid to the Receiver; and the Receiver is authorized from time to time to rent or lease as may be necessary, for terms not exceeding two years, any part of the Property, and to pay any and all taxes, assessments, water charges or sewer rents, premiums on policies of insurance and installments of principal and interest on prior mortgages, if any, superior in lien to the Mortgage, which are or shall become due during the pendency of the Receivership; to pay installments of principal, interest and escrow due under the Mortgage, which are or shall come due during the pendency of the Receivership; to make repairs necessary to the preservation of the Property, but the Receiver shall not make improvements or repairs exceeding $4,000.00 for any one repair to the Property without the written consent of the plaintiff or its attorneys or the prior approval of the Court; to purchase fuel for heating the Property and supplying hot water to the tenants thereof; and to comply with the requirements of any municipal department or other authorized municipal; but the Receiver shall not incur obligations in excess of the moneys in his hands without the prior approval of the Court or the written consent of the plaintiff or its attorneys; and it is further

ORDERED, that said Receiver is hereby authorized to obtain workers' compensation, disability and general liability insurance insuring him individually and as Receiver and his agent during the pendency of this action and, at the request of the plaintiff's attorneys, to obtain fire insurance and insurance against other risks, if the Property is not so insured; and it is further

ORDERED, that out of the rents collected by him, the Receiver shall retain in the official depository an amount sufficient to pay his legal commissions and attorneys' fees, if any, and shall not incur any obligation in excess of the remainder of said rents collected by him without the written consent of the plaintiff or its attorneys, except upon Order of this Court obtained upon notice to all parties who are entitled to such notice; and it is further

ORDERED, that the Receiver shall deposit all moneys received in his own name as Receiver in a bank insured by the Federal Deposit Insurance Corporation and no withdrawals shall be made therefrom except as directed by the Court or on a draft check signed by the Receiver, and the Receiver shall furnish plaintiff's attorneys with monthly statements of the receipts and expenditures of the Receivership, together with a photocopy of the monthly statements received from said depository; and it is further

ORDERED, that the Receiver shall register with any New York municipal department as provided by applicable law and expend rents and income and profits as described in New York Real Property Actions and Proceedings Law Section 1325(3), except that a priority shall be given to the correction of immediately hazardous violations of housing maintenance laws within the time set by orders of any municipal department, or, if not practicable, the Receiver shall seek a postponement of the time for compliance; and it is further

ORDERED, that the Receiver shall retain the moneys which may come into his hand except the expenditures herein authorized by virtue of his appointment, until further Order of the Court; and it is further

ORDERED, that before entering upon the duties of this trust and within twenty-one days of entry of this Order, the Receiver shall file with the Clerk of Court a surety company bond for the faithful discharge of his duties as a Receiver in the sum of $35,000, together with an oath executed by him that he will faithfully and

fairly discharge the trust committed to him; and it is further

ORDERED, that the Receiver may, at any time, on notice to all parties who are entitled to such notice, apply to this Court for further and other instruction and for further power necessary to enable the Receiver to properly fulfil his duties; and it is further

ORDERED, that the Receivership automatically terminates upon settlement of this action or upon the closing of title pursuant to the Referee's terms of sale in either event subject to the Receiver's final accounting and formal discharge; and it is further

ORDERED, that, to the extent required by 28 U.S.C. § 959(b), the Receiver shall comply with all provisions of Section 6401 through Section 6404 of the New York Civil Practice Law and Rules, and section 35–a of the New York Judiciary Law.

Dated: New York, New York
September 29, 1992

SO ORDERED.

/s/ Vincent L. Broderick
District Judge.

COOPER, LIEBOWITZ, ROYSTER
& WRIGHT

A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

TARRYTOWN–ELMSFORD
CORPORATE CENTER

THREE WEST MAIN STREET

ELMSFORD, NEW YORK 10523–2414

September 29, 1992

BY HAND

Honorable Vincent L. Broderick
United States District Court Judge
Southern District of New York
United States Courthouse
101 East Post Road
White Plains, New York 10601

Re: Federal Home Loan Mortgage Corporation v. Spark Tarrytown, Inc., et al.

Docket No. 7053 (VLB)

Honorable Sir:

We represent plaintiff Federal Home Loan Mortgage Corporation in connection with the referenced mortgage foreclosure proceeding. Submitted herewith is an *ex parte* motion for the appointment of a receiver. As is set forth in detail below, prior to making this motion, *ex parte*, we made numerous and diligent attempts to contact Mr. Larry Rush, president of defendant Spark Tarrytown, Inc., and Mr. Michael Kane, its secretary, in order to provide them with notice that we would be presenting this motion to the Court. All of our attempts were unsuccessful.

We first telephoned directory assistance and requested current telephone numbers for Messrs. Rush and Kline at the addressed listed in the mortgage. There was no listing for Mr. Kline and Mr. Rush's number was unlisted.

We next contacted Dorman & Wilson, FHLMC's contract-servicer, servicer of the subject loan, who advised us that they had conducted an inspection of the premises in June, 1992, and scheduled the inspection through Mr. Rush, who they contacted at (914) 428–1055. When we telephoned that number we were advised that it had been disconnected.

We then telephoned directory assistance to obtain telephone numbers for Spark Tarrytown, Inc., in White Plains, New York, and Port Washington, New York, two addresses contained within our file as places of business of said defendant. Neither location has a listing for Spark Tarrytown, Inc.

We next contacted directory assistance to obtain a telephone number for Mr. Rush at 437 West 16th Street in New York City, a residential address listed in our files, but no such listing existed.

We contacted Steven Schwartz, Esq., of Hertzog, Calamari & Gleason, one of FHLMC's outside bankruptcy counsel, to obtain the name of the attorney who represented Spark Tarrytown, Inc., in a bankruptcy proceeding commenced in January, 1992, under Docket No. 92–B–20132 (HLS). Mr. Schwartz advised us that after the initial filing of the petition, no representative of Spark Tarrytown, Inc., or of its attorneys, Walter Blaich, Esq., made an appearance during the entire proceeding. Mr. Schwartz stated further that he obtained an order granting relief from the automatic stay dated September 22, 1992, on default, and that his numerous efforts to contact Mr. Blaich in connection therewith were unsuccessful.

Finally, we have been advised by a representative of the Secretary of State, that Spark Tarrytown, Inc., a New York corporation formed on July 28, 1986, had been dissolved on December 24, 1991.

In light of the foregoing, we respectfully request that this motion be granted in all respects.

Respectfully submitted,
/s/ Thomas B. Decea
Thomas B. Decea

TBD:tec