FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,

v.

SPARK TARRYTOWN, INC., People of the State of New York, the Town of Mount Pleasant, Village of North Tarrytown, and John Doe Nos. 1 to 20, Defendants.

VILLAGE OF NORTH TARRYTOWN, Third Party Plaintiff,

v.

Larry RUSH, Third Party Defendant.

No. 92 Civ. 7053 (VLB).

United States District Court, S.D. New York.

May 27, 1993.

Thomas B. Decea, Cooper, Liebowitz, Royster, & Wright, Elmsford, NY, for plaintiff.

Robert J. Ponzini, Maroney Ponzini & Spencer, Tarrytown, NY, for defendant Village of North Tarrytown.

The Town of Mount Pleasant, Valhalla, NY, for defendant Town of Mt. Pleasant.

Robert Abrams, Atty. Gen., New York City, for defendant People of the State of N.Y.

Larry Rush, pro se.

Jerome Waxenberg, Norwax Associates Inc., Bronx, NY, for receiver for related property.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This mortgage foreclosure suit presents important issues concerning protection of local government liens where owners default on federally granted, insured or acquired mortgages. The action is brought by plaintiff Federal Home Loan Mortgage Corporation ("FHLMC") pursuant to 12 USC § 1452(e) against several defendants, including Spark Tarrytown, Inc. ("Spark Tarrytown"), a principal to the note and mortgage sought to be foreclosed and owner of the mortgaged premises, and the lienholding Village of North Tarrytown (the "Village"). I granted the plaintiff's *ex parte* application for the appointment of a receiver for the subject property in my order dated September 29, 1992.[1]

Plaintiff FHLMC now seeks a judgment of foreclosure and sale and moves for, among other things, a default judgment against Spark Tarrytown; summary judgment against the Village; and collection of rents past due and as yet not received from Spark Tarrytown. The Village opposes the FHLMC's motion for summary judgment and, as third-party plaintiff, moves for entry of default and an inquest to assess damages against third-party defendant Larry Rush ("Rush") individually.

Mr. Rush is the president and sole stockholder of Spark Tarrytown. On the day responses of Spark Tarrytown and of Rush were due, Rush filed an affidavit seeking a thirty (30) day adjournment of the two motions pending with respect to both the corporate defendant and himself. See Affidavit of Larry Rush ("Rush Aff."), Feb. 1, 1993.

I approve as modified the FHLMC's proposed judgment of foreclosure and sale, which is attached to this memorandum order. Judgment of default is granted against Spark Tarrytown on the grounds set forth in part II and against the Village, the Town of Mount Pleasant and the State of New York to the extent set forth in parts IV–V; the FHLMC's application to recover rents is granted to the extent provided in part III.

The FHLMC seeks sanctions against the Village under Fed.R.Civ.P. 56(g). Since I uphold the Village's position that its liens should be preserved, such a request is inappropriate. *Stern v. Leucadia National Corp.*, 844 F.2d 997 (2d Cir.1988), *cert. denied* 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 109 (1988). The FHLMC's motion to dismiss the action against defendants John Doe Nos. 1 to 20 without prejudice to any of the proceedings in this case is granted.

I deny without prejudice the application for a deficiency judgment; I shall not be in a position to rule upon issues relating to liability for a deficiency until the foreclosure and sale of the property has been concluded and the net assets of the sale ascertained.

In the third-party action, I deny third-party defendant Rush's request for an adjournment and enter his default for the reasons set forth in part VI below. The case is referred to United States Judge Magistrate Mark D. Fox for the purpose of conducting an inquest with respect to the amount, if any, due to the Village from Larry Rush. The Village must serve Larry Rush with notice of the inquest when it is scheduled and serve him with all papers furnished to the Magistrate Judge. The FHLMC is to be served with all papers in the third-party action.

### II

On July 13, 1988 the FHLMC became the assignee of a Consolidation Agreement signed by Spark Tarrytown and, as such, became the holder of a first mortgage for a principal sum of $350,000[2] on the property that is the subject of this action. On that same date the FHLMC also received as additional collateral from Spark Tarrytown assignment of all rents, issues, and profits due from the mortgaged property.

---

1. See memorandum relating to that order, published as *FHLMC v. Spark Tarrytown, Inc.*, 813 F.Supp. 234 (S.D.N.Y.1993).

2. The total amount due and owing as of January 12, 1993 under the notes is $441,231.02. See the accompanying Judgment of Foreclosure and Sale which I sign today, at 3.

Beginning on October 1, 1991, Spark Tarrytown failed to make the required monthly payments of principal and interest. The FHLMC sent Spark Tarrytown a demand letter on January 8, 1992, and then notified Spark Tarrytown by letter on January 22, 1992 that it was accelerating all funds due under the terms of the Consolidated Note and Mortgage and, in the absence of payment in full, would begin this action for foreclosure. The verified complaint was filed on September 28, 1992.

■ By motion dated January 19, 1993 the FHLMC sought a default judgment against the corporate defendant Spark Tarrytown, alleging that Spark Tarrytown had not answered, objected, or otherwise responded to the complaint. On February 1, 1993 the motion response date, defendant Larry Rush, as representative of Spark Tarrytown,[3] submitted an affidavit requesting a thirty-day adjournment on the grounds that he had discovered in "Jan 1993" that his attorney had been "suspended from the practice of law and that no affirmative action had been taken on my behalf on any of the matters pending before the court." Rush Aff. at ¶¶ 8–9.

Spark Tarrytown does not offer any facts to counter the evidence of harm to the FHLMC from a thirty-day delay in this action. In addition to factual support for the default itself, the FHLMC has provided proof of proper service of copies of the summons and verified complaint on Spark Tarrytown, a New York corporation, on or about November 13, 1992, by delivery to the Secretary of State of the State of New York. See Motion for Default Judgment, Dkt. # 16, Affidavit of Thomas B. Decea, Esq., Jan. 14, 1993, at ¶ 6 and Exh. B. Spark Tarrytown does not deny having received both the complaint and the motion and thus does not present a question concerning actual notice.

No plausible meritorious defense is set forth in the Rush affidavit that would militate against granting a request for recognition of Spark Tarrytown's default in this case—a default which occurred nearly two months prior to submission of the FHLMC's motion. Rush's allegation that Spark Tarrytown was unaware that its counsel had failed to respond presents primarily an issue between Spark Tarrytown and its attorney. Rush's affidavit contains self-serving conclusory allegations but no detailed recitation or factual information to show diligence on the part of Spark Tarrytown in fulfilling its obligations.

III

■ The FHLMC seeks to recover rents received by Spark Tarrytown after October 1, 1991, the date of default, pursuant to Paragraph 26 ("paragraph 26") of the FHLMC's mortgage, which provides:

> Borrower hereby absolutely and unconditionally assigns and transfers to Lender all rents and revenues of the Property ... regardless of to whom the rents and revenues of the Property are payable.... Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of the Lender ... it being intended by Borrower and Lender that this assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

Consolidation, Extension and Modification Agreement, attached to Verified Complaint, Dkt. # 1, Exh. A, ¶ 26.

As Judge Goettel of this court concluded in construing an identical provision in a mortgage agreement, this language is "painfully clear" and, once the lender gives proper notification, "[the mortgagor defendant] owes FHLMC, the beneficiary of their trust relationship, any rents since [defendant's] default." *Federal Home Loan Mortgage Corporation v. Dutch Lane Associates*, 775 F.Supp. 133, 139 (S.D.N.Y.1991). The FHLMC's letter of January 8, 1992, sent by first class mail and certified mail return receipt requested, states in capital letters that it was exercising its rights under paragraph 26. Upon delivery of such written notice, the

---

**3.** Although Rush's response to the Village's motion in the third-party action was also due on February 1, 1993, the discussion in this part II is limited to the corporate defendant Spark Tarrytown. Rush's request for an adjournment as an individual third-party defendant is considered in part V below.

FHLMC is entitled to "all rents and revenues ... as the same become due and payable, including but not limited to rents then due and unpaid."

As an obligation incurred independently of the monthly mortgage installments for the principal and interest due the FHLMC, any rents received by Spark Tarrytown since its default are owed to the FHLMC. Spark Tarrytown is ordered to remit to the FHLMC all rents received by it from the time of its default on October 1, 1991.

The FHLMC may submit a proposed judgment on notice setting forth the amounts due. Upon receipt of any back rents turned over by Spark Tarrytown, the FHLMC will assure itself that the receiver appointed pursuant to my order of September 29, 1992 has adequate funds to pay current expenses for maintaining the property. If necessary, such expenses may be paid as a priority charge on those back rents.

## IV

There is no genuine issue of material fact as to the merits of the foreclosure and sale of the property at issue in this case. No party challenges that the FHLMC holds the mortgage on the subject premises or that defendant Spark Tarrytown has defaulted. This is not a case where the events of default are arguably inconsequential, as in *Massachusetts Mutual Life Insurance Co. v. Transgrow Realty*, 101 A.D.2d 770, 475 N.Y.S.2d 418 (1st Dep't 1984).

■ Defendant/third-party plaintiff Village of North Tarrytown, having answered the FHLMC complaint, argues that summary judgment is inappropriate as to the Village on the grounds of (a) existence of a water lien in the amount of $9,292.81 and as yet undetermined real estate taxes, if any, and (b) the priority of such liens in the payment of expenses related to the sale of the property.

The Village only opposes the FHLMC's motion insofar as the Village seeks assurance that whatever liens it may have will be preserved and their priority established.

The FHLMC agrees that a judgment of foreclosure "does not extinguish the priority of the lien [sic] of the Village of North Tarrytown by virtue of the fact that the priority issue is a matter of state law," see Plaintiff's Memorandum of Law in Support of Motion for Default Judgment, Summary Judgment, and Other Relief, Dkt. # 17, Jan. 19, 1993, citing New York Real Property Actions and Proceedings Law ("RPAPL") § 1354. The FHLMC does not deny that the Village is entitled to the cost for water service. See Reply Affidavit of Thomas B. Decea, Esq., Dkt. # 25, Feb. 4, 1993, ¶ 6.

The Village's interest with respect to both water charges and real estate taxes may be adequately protected under RPAPL § 1354, which provides in relevant part:

1. The officer conducting the sale shall pay, out of the proceeds, *unless otherwise directed,* the expenses of the sale, and pay to the plaintiff or his attorney, the amount of the debt, interest and costs, or so much as the proceeds will pay....

2. The officer conducting the sale shall pay out of the proceeds, *unless the judgment otherwise directs,* all taxes, assessments, and water rates which are liens upon the property sold, and redeem the property sold from any sales for unpaid taxes, assessments or water rates which have not apparently become absolute ... The sums necessary to make those payments and redemption are deemed expenses of the sale.

(emphasis added).

I do not invoke the power granted by RPAPL § 1354 which would permit me to extinguish any of the Village liens.

Municipalities are understandably concerned that applicable taxes and fees are at risk during foreclosures. Prelitigation contact between federal agencies acquiring financial and property claims and political subdivisions with liens for taxes, water charges and the like, may avoid the need for judicial involvement in dealing with such matters. This might be accomplished by routine stipulation that the judgment sought will not invoke the "otherwise directed" provisions of RPAPL § 1354. See Fed.R.Civ.P. 1; 28 U.S.C. § 473.

The FHLMC may foreclose on and sell the subject premise. Upon sale of the property, the Village may ascertain the liens it claims at that time by submitting to the court and all parties a list of such liens for payment out of the expenses of the sale, if proper.

The Town of Mount Pleasant having been properly served on October 4, 1992, and not having answered within the 20 days permitted by Fed.R.Civ.P. 12 or otherwise responded, FHLMC's motion for entry of a default judgment is granted against the Town of Mount Pleasant on the same terms as summary judgment is granted as to the Village as outlined above. Defendant State of New York filed a notice of appearance on October 19, 1992, and waived its right to interpose an answer; accordingly, under Fed.R.Civ.P. 55, plaintiff FHLMC is granted default judgment against this defendant on the same terms.

## V

The Village as third-party plaintiff moves for entry of default against Larry Rush individually and for an inquest to assess damages. Rush was personally served on December 15, 1992, and has not answered or otherwise responded. In his affidavit of February 1, 1993 Rush requested a thirty (30) day adjournment of his time to response to the Village's motion as discussed in part II above, but failed to provide facts to support a meritorious defense or an answer to the complaint at that time or subsequently.

Natural person defendants are accorded additional protections against improvidently granted defaults, based on experience indicating that many may fail to understand the nature of the proceeding or may not be able to obtain legal assistance, and some are victims of inadequate notice. See, e.g., *United States v. Wiseman,* 445 F.2d 792 (2d Cir.), *cert. denied* 404 U.S. 967, 92 S.Ct. 346, 30 L.Ed.2d 287 (1971); *In re Vigilant Protective Systems,* 333 F.Supp. 1029 (S.D.N.Y.1971); *United States v. Brand Jewelers,* 318 F.Supp. 1293 (S.D.N.Y.1970); *Barr v. Dep't of Consumer Affairs,* 70 N.Y.2d 821, 523 N.Y.S.2d 435, 517 N.E.2d 1321 (1987); N.Y.Civ.Prac. L. & R. 5015(c), formerly Judiciary Law § 217–a; N.Y.Civ.Prac.L. & R.

3215(f)(3); Special Committee on Consumer Affairs, "The Need for Additional Pre–Judgment Notice of Suit in Consumer Cases," 29 Record of The Ass'n of the Bar of the City of New York 301 (1974).

In such a context, excusable neglect justifying relief from default may more readily be granted than to a corporate or institutional defendant. On the other hand, where ample notice was in fact received and no plausible defense is suggested, delay would be unjustified. In the present instance, the initial entry of default against the individual defendant is warranted and it shall be entered.

**SO ORDERED.**