**FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff,**

v.

**PEREGRINE HALL ASSOCIATES, L.P., Peregrine Inc., Village of Highland Falls, People of the State of New York, State of New York, and John Doe Nos. 1 to 20, Defendants.**

No. 92 Civ. 7947 (VLB).

United States District Court,
S.D. New York.

Sept. 28, 1993.

Thomas B. Decea, Cooper, Liebowitz, Royster & Wright, Elmsford, NY, for plaintiff.

Peregrine Hall Associate, L.P. and Peregrine, Inc., pro se.

John H. Thomas, Jr., Jacobowitz and Gubits, Walden, NY, for defendant Village of Highland Falls.

Robert Abrams, Atty. Gen., New York, NY, for defendant People of the State of New York.

David L. Rider, Rider, Weiner, Frankel & Calhelha, Newburgh, NY, for receiver for related property.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This mortgage foreclosure suit presents issues relating to the routine naming of municipalities as defendants by federal mortgage agencies to preserve the right of the agencies to attempt to foreclose possible local government liens where owners default on federally granted, insured or acquired mortgages.

The action is brought by plaintiff Federal Home Loan Mortgage Corporation ("FHLMC") pursuant to 12 U.S.C. § 1452(e) against several defendants, including the Village of Highland Falls (the "Village"). The plaintiff's application for the appointment of a receiver for the subject property was granted by Judge Charles L. Brieant of this court by order dated January 27, 1993.

Plaintiff FHLMC now seeks a judgment of foreclosure and sale and moves for, among other things, summary judgment against the Village, the only defendant answering or responding to the complaint.[1] The Village opposes the motion for summary judgment and seeks to be dismissed from the case on the grounds that, among other things, no obligations to the Village for real property taxes, water and sewer charges are outstanding and that any future Village liens would have priority under New York state law.

I approve as modified FHLMC's proposed judgment of foreclosure and sale, which is attached to this memorandum order. FHLMC's application to recover rents from defendant Peregrine Hall Associates, L.P., ("Peregrine")[2] is granted to the extent that

---

1. The State of New York filed a notice of appearance and waived service of all papers and notices except notice of application for discontinuance of the action, referee's report of sale and notice of all proceedings to obtain surplus monies.

2. Defendant Peregrine, Inc. is the general partner of Peregrine.

the FHLMC may submit a proposed judgment on notice setting forth the amounts due. Upon receipt of any back rents turned over by Peregrine, FHLMC will assure itself that the receiver appointed pursuant to Judge Brieant's order of January 27, 1993 has adequate funds to pay current expenses for maintaining the property before applying such funds to its mortgage. If necessary, such expenses shall be treated as a priority claim on any back rents recovered.

I grant summary judgment against the Village of Highland Falls to the extent indicated in part III below, and dismiss the Village from this action in all other respects as set forth in that same part.

As further explained in part IV, I deny without prejudice FHLMC's application for a deficiency judgment. I shall be in a position to rule upon issues relating to liability for a deficiency only when the foreclosure and sale of the property has been concluded and the net assets of the sale ascertained.

I grant the application of FHLMC for attorney's fees.

## II

On January 24, 1989 FHLMC became the assignee of a mortgage held by the Southern Federal Savings and Loan Association of Georgia and executed by Peregrine. As such, FHLMC became the holder of a first mortgage for a principal sum of $705,000 [3] on the property that is the subject of this action. On that same date FHLMC also received as additional collateral from Peregrine assignment of all rents, issues, and profits due with respect to the mortgaged property.

Beginning on August 1, 1992, Peregrine failed to make the required monthly payments of principal and interest. FHLMC sent Peregrine a demand letter on October 5, 1992, and then notified Peregrine by letter dated October 16, 1992 that under the terms of the Note and Mortgage it was accelerating all debts due and, in the absence of payment in full, would begin this action for foreclosure. The verified complaint was filed on October 29, 1992.

The parties engaged in settlement negotiations which failed to achieve a resolution of this action; by motion dated February 26, 1993 FHLMC sought judgment of foreclosure and sale, default judgments against the non-responding named defendants, summary judgment against the Village, and other relief.

## III

There is no genuine issue of material fact as to the merits with respect to the foreclosure and sale of the mortgaged property. FHLMC holds the mortgage and defendant Peregrine has defaulted. This is not a case where the events of default are arguably inconsequential, as in *Massachusetts Mutual Life Insurance Co. v. Transgrow Realty,* 101 A.D.2d 770, 475 N.Y.S.2d 418 (1st Dep't 1984).

■ The defendant Village, having answered the FHLMC complaint, argues that summary judgment is inappropriate as to the Village on the grounds that there are no outstanding Village liens against the property; that to the extent, if any, that such liens accrue prior to the sale the nature of their priority is set forth in New York's Real Property Actions and Proceedings Law ("RPAPL") § 1354; and that the judgment of foreclosure and sale should so provide. Accordingly, the Village asserts that it is neither a necessary party under RPAPL § 1311 nor a permissible party under RPAPL § 1313.

In its complaint, FHLMC indicated that the Village is named as a defendant for "the purpose of foreclosing those liens, if any, against the Mortgaged Premises, which accrued or may accrue subsequent to the lien of the mortgage being foreclosed herein by virtue of possible real property, general corporation, or business taxes, which are or may be due or may become due to the Village of Highland Falls from any owner of record of the Mortgaged Premises." FHLMC agrees that the priority of liens with respect to the subject property is to be determined under state law but was concerned when the com-

---

**3.** The total amount due and owing as of February 18, 1993 under the note and mortgage was $757,754.10. See the accompanying Judgment of Foreclosure and Sale which I sign today, at 2.

plaint was filed that the Village might be the holder of a lien against the mortgaged premises which would be extinguished by a judgment of foreclosure and sale.

The Village's motion to dismiss is granted to the following extent: the relief granted will be limited to foreclosure of junior liens other than liens for "taxes, assessments, and water rates" as set forth in RPAPL § 1354(2). FHLMC may, under the judgment to be issued, foreclose on and cause the sale of the subject premise. Upon sale of the property, the Village may ascertain any liens it claims at that time by submitting to the court and all parties a list of such liens for payment out of the proceeds of the sale, if proper under RPAPL § 1354.

■ Absent special circumstances, it is appropriate to follow state law with respect to priority of liens and not to exercise the authority under N.Y. Real Property Actions & Procedures Law ("RPAPL") § 1354 to direct "otherwise", as permitted pursuant to RPAPL §§ 1354(2), thereby extinguishing local tax and water claims.[4] See *Federal Home Loan Mortgage Corporation v. Spark Tarrytown, Inc.*, 822 F.Supp. 137 (S.D.N.Y. 1993). In order to protect the legitimate interests of the Village where, as here, no special circumstances have been presented, it would be inappropriate to order "otherwise". I do not invoke such power here.

■ Municipalities are understandably concerned that applicable taxes and fees are at risk during foreclosures and at the same time they are reluctant to incur litigation costs entailed when they are, as the Village was in this case, named as defendants in mortgage foreclosure actions. Such entities appear to be appropriate but not necessary parties to such actions whose interests can be appropriately protected and properly limited by routine protective clauses in mortgage

foreclosure complaints or by stipulation. A foreclosing creditor may be able to make appropriate provision for public sector parties such as the Village in its pleadings or proposed judgment on the one hand without endangering the legitimate interests of such parties or, on the other hand, compelling them to litigate.

Where public sector or federal agencies acquire financial and property claims that may result in foreclosure actions, prelitigation contact with political subdivisions holding or possibly holding liens for taxes, water charges and the like, might avoid the need for judicial involvement in dealing with such matters. This might be accomplished by routine stipulation that the judgment sought will not invoke the "otherwise directed" provisions of RPAPL § 1354. See Fed.R.Civ.P. 1; 28 U.S.C. § 473.

An alternative solution would be a complaint which makes it clear, in the prayer for relief or otherwise, that the party seeking foreclosure does not seek the subordination of any liens of the type protected in RPAPL § 1354(2). If this approach is followed, there will be minimal burden on municipalities if named in complaints seeking limited relief.

Another option is available to a municipal defendant where, as here, the municipality believes that there are no outstanding liens nor any expectations of liens developing prior to the sale of the mortgaged property. The municipality may take the risk, as the state defendants have done in this case, of defaulting with dignity by submitting a notice of appearance and waiving service of all papers and notices with certain specified exceptions.[5]

## IV

■ Deficiency judgments can have extremely harsh consequences, especially if

---

4. RPAPL § 1354(2) reads in relevant part: "The officer conducting the sale shall pay out of the proceeds, unless the judgment otherwise directs, all taxes, assessments, and water rates which are liens upon the property sold...."

5. The notice of appearance by the People of the State of New York and The Commissioner of Taxation and Finance in this case reads in relevant part:

... such appearance being limited to the facts set forth in the complaint for a cause of action against said defendants, and ... [defendants'] attorney ... hereby waives service of all papers and notices of all proceedings herein *except* notice of application for discontinuance of the action, referee's report of sale and notice of all proceedings to obtain surplus monies. (emphasis in original). Plaintiff's Notice of Motion, Feb. 26, 1993, Dkt. # 13, Exh. D.

natural persons should turn out to be liable for payments of those judgments. Accordingly, careful scrutiny is indicated of the applicant's entitlement to this type of relief and of the contractual limitations on liability which may be contained in the documents involved.

Should a foreclosure action focus at an early stage on claims for deficiencies, the result may be delay and uncertainty concerning ongoing responsibility for the property and the incentive to protect it.[6]

Consideration of deficiency judgment issues at this pre-foreclosure juncture may lead to additional legal expenses imposed on all parties concerning matters which may turn out to be speculative. Whether there will be a deficiency will be unknown until the foreclosure sale has taken place. Decisions relating to the doctrine of ripeness are analogous if not directly applicable. See *Rivervale Realty Co., Inc. v. Town of Orangetown, N.Y.*, 816 F.Supp. 937 (S.D.N.Y.1993).

FHLMC's motion for a deficiency judgment is denied without prejudice to its renewal pursuant to RPAPL § 1371(2) at the time FHLMC seeks confirmation of the sale of the mortgaged property.[7]

## V

FHLMC seeks attorney's fees of $7,745.50 for legal services rendered up to the time of filing its present motion.

■ Paragraph 8 of the original mortgage agreement provides in relevant part:

If Borrower fails to perform the covenants and agreements contained in this instru-

ment ... then Lender at Lender's option may ... take such action as Lender deems necessary, in its sole discretion, to protect Lender's interest, including, but not limited to, (i) disbursement of attorney's fees....

The contract in this case was originally an agreement between two private parties, neither of which is a federal agency, and therefore state law as well as common law are potential sources of authority for contractual construction. State law requires reasonableness as a basis for determination of the appropriate attorney's fee. See *First National Bank of East Islip v. Brower*, 42 N.Y.2d 471, 398 N.Y.S.2d 875, 368 N.E.2d 1240 (1977); *Mead v. First Trust & Deposit Co.*, 60 A.D.2d 71, 400 N.Y.S.2d 936, 939 (4th Dep't 1977).[8] Furthermore, the concept of reasonableness is inherent in the concept of good faith in contracts generally.

Attorney's fees out of line with the underlying debt incurred should obviously not be countenanced whether the grounds upon which such a determination is made flow from state or federal law. See *Schueler v. Roman Asphalt Corp.*, 827 F.Supp. 247 (S.D.N.Y.1993).

■ In this instance, FHLMC seeks to recover $7,745.50 in attorney's fees [9] as of the date when this application was filed where the principal amount owed on the note was $705,000. The attorney's fees sought appear to be reasonable in light of the services performed up to the stage of the litigation under consideration here and the hours set forth in

---

6. See Traylor, "Trouble in Bedford Falls: The Crippling Deficiency Judgment in Residential Mortgage Foreclosures," 64 N.Y.St.B.J. No. 7 at 17 (Nov.1992); Jacobs, "Real Estate Foreclosures and Related Matters: Selected Bibliography," 47 Rec.A.B.City N.Y. No. 2 at 218 (Mar. 1992); Mixon, "Deficiency Judgments Following Home Mortgage Foreclosure," 1991 Tex. Tech.L.Rev. # 1 at 1 (1991); Skilton, "Assessing the Mortgage Debtor's Personal Liability," 90 U.Pa.L.Rev. 440 (Feb.1942).

7. Under New York law, the plaintiff in a foreclosure action may move for a deficiency judgment simultaneously with filing a motion for an order confirming the sale, provided, among other things, that "such motion is made within ninety

days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser," RPAPL § 1371(2). Consequently, deferring a motion for a deficiency judgment until confirmation of the sale is sought will not affect the timeliness of the motion.

8. Under Paragraph 22 of the mortgage agreement, the law of the jurisdiction in which the property is located governs. The property at issue here is located in Highland Falls, New York.

9. This fee is exclusive of costs and disbursements of $258.09. The total amount sought by the FHLMC as of January 25, 1993 was $8,003.59.

FHLMC's motion papers, and they are well below ten per cent of the amount involved.[10]

**SO ORDERED.**

---

**10.** I have granted FHLMC leave to make an application for recovery of fees and costs incurred in this action subsequent to the filing of this motion and up to the date of confirmation of the sale of the mortgaged premises.