FEDERAL HOME LOAN MORTGAGE
CORPORATION, Plaintiff,

v.

SPARK TARRYTOWN, INC., People of
the State of New York, Town of Mount
Pleasant, Village of North Tarrytown,
and John Does Nos. 1 to 20, Defendants.

VILLAGE OF NORTH TARRYTOWN,
Third Party Plaintiff,

v.

Larry RUSH, Third Party Defendant.

No. 92 Civ. 7053 (VLB).

United States District Court,
S.D. New York.

Oct. 7, 1993.

Thomas B. Decea, Cooper, Liebowitz et al.
Elmsford, NY, for the FHLMC.

Laura Copland, Brian Murphy, Maroney,
Ponzini & Spencer, Tarrytown, NY, for the
Village.

Gregory R. Blatto, Bronx, NY, for the
receiver.

Larry Rush, pro se.

Robert Abrams, Atty. Gen., New York
City, for the State of N.Y.

Town Atty., Town of Mt. Pleasant, Valhal-
la, NY, for Town of Mt. Pleasant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District
Judge.

### I

On May 27, 1993, I directed entry of a
default judgment against third party defen-
dant Larry Rush ("Rush") on the third party
complaint of the Village of North Tarrytown
(the "Village") in this case involving fore-
closure by the Federal Home Loan Mortgage
Corporation ("FHLMC") against Spark Tar-
rytown, Inc. ("Spark Tarrytown") and poten-
tially competing lienholders. *FHLMC v.
Spark Tarrytown*, 822 F.Supp. 137 (S.D.N.Y.
1993).[1]

The third party complaint alleged that
Rush, as a principal in Spark Tarrytown, (1)
abused the Bankruptcy Code by the filing of
and manner of proceeding under an improper
and subsequently vacated petition pursuant
to Chapter 11 of that Code, (2) appropriated
property and rents of Spark Tarrytown, (3)
refused to provide necessary documents and
(4) failed to pay water rents. The third
party complaint states that a $25,000 fine
was imposed on Spark Tarrytown and Rush
for building violations and that $10,000 in
engineering fees incurred by the Village to
investigate infractions on Spark Tarrytown's
property.

1. See also *FHLMC v. Spark Tarrytown*, 813    F.Supp. 234 (S.D.N.Y.1993).

■ While captioned as a third party complaint, the Village's claims against Rush in this litigation do not relate to sums which the Village may owe to the plaintiff FHLMC, which would bring them within the scope of Fed.R.Civ.P. 14. They may, however, be treated as claims ancillary to the foreclosure suit within the jurisdiction set forth in 28 U.S.C. 1367, which authorizes "claims that involve the joinder or intervention of additional parties" so long as the same case or controversy under Article III of the Constitution is involved. That requirement is fulfilled in this foreclosure action under federal law where claims affecting sums due to or by Spark Tarrytown and priorities among them. See H.Rep. 734, 101st Cong., 2d Sess. 28, reprinted in 1990 U.S.Code Cong. & Admin.News 6860, 6874; *In re Masters, Mates et al. (Kovnat v. Schnader)*, 150 FRD 74, 1993 WL 306649, 1993 U.S.Dist. LEXIS 306649 (S.D.N.Y.1993). The function required is closely analogous to that exercised in administering a bankrupt estate pursuant to 28 U.S.C. 157.

On August 10, 1993 United States Magistrate Judge Mark D. Fox filed his Report and Recommendation in response to my reference of this matter to him for an inquest to ascertain the Village's damages. Judge Fox found that Rush had converted in excess of $40,000 of Spark Tarrytown's money (Report at 5). He recommends that judgment be entered against Rush for $8,402.46 consisting of water and legal bills.

## II

The Village has objected to the Magistrate Judge's report, seeking payment of the $25,-000 fine and the $40,000 found to have been converted by Rush. Rush, although served with both the Report and Recommendation and the Village's objections, has filed no submissions.

I adopt the Report and Recommendation of Judge Fox, direct that judgment be entered in favor of the Village against Rush for $8,402.46 and find that the Village retains its remedies with respect to the fine and engineering fees unaffected by events in this litigation.

## III

■ Amounts diverted by Rush from Spark Tarrytown, estimated by the Magistrate Judge at $40,000 are in the first instance, at least, assets of Spark Tarrytown. The Village cannot claim these funds initially alleged to be due from Spark Tarrytown in its third party complaint, without having asserted claims against Spark Tarrytown in this litigation, whether or not based in part on a prior Village court determination. The Village, in other words, cannot ask that the corporate veil be pierced until it obtains a ruling in this court based on prior litigation or otherwise that Spark Tarrytown owes the sums involved to the Village.

Funds obtained by Spark Tarrytown are subject to an initial claim by Spark Tarrytown's receiver for use in paying its immediate obligations for maintenance of the premises involved. Any remaining funds are subject to claims of FHLMC if necessary to pay any unpaid portion of its loan after the sale of Spark Tarrytown's property.

The Magistrate Judge's Report and Recommendation which I have adopted does not rule that Spark Tarrytown cannot recover any funds wrongfully obtained by Rush or others which belong to it. The only ruling made is that the Village cannot obtain such funds from Rush based on the present third party complaint. Spark Tarrytown's receiver may wish to consider filing a claim against Rush for any funds belonging to Spark Tarrytown which Rush may have taken and which the receiver believes can practicably be recovered.

The receiver and the Village are directed to furnish to the United States Attorney any information in their records which would pertain to whether or not the facts placed before the Magistrate Judge indicate any violations of federal criminal law by any person.

## IV

The Magistrate Judge found matters affecting fines and engineering fees allegedly due the Village not to have been adequately pled in the Village's third party complaint. While mentioned in the recitation of facts, these matters were neither explicitly assert-

ed as claims in the "causes of action" in the third party complaint,[2] nor would it be appropriate to exercise federal jurisdiction over them in the circumstances involved here.

The fines imposed by the Village court against Spark Tarrytown and Rush are enforceable by Village or state court procedures, which may well include authority to pierce a corporate veil to accomplish justice or equity under proper circumstances, as discussed in *Aries Ventures v. Axa Finance*, 729 F.Supp. 289, 296 (S.D.N.Y.1990), cited in the Magistrate Judge's report. State and local courts are far more familiar with the procedures and outer limits of liability for assessment and collection of local fines and costs of local investigations such as the engineering fees claimed by the Village here. Such claims involve complex issues of state law which would cause me, pursuant to 28 U.S.C. 1367(c)(1) to decline to exercise supplemental jurisdiction over them.

In approving and adopting the Magistrate Judge's Report and Recommendation, I do not treat matters involving the $25,000 fine or the Village's claims for engineering fees as having been presented or decided in this case. Not having been adjudicated here, they remain open for state or local judicial or administrative enforcement against Rush if appropriate.[3]

SO ORDERED.

---

2. The term "claim" rather than "cause of action" is adopted by the Federal Rules of Civil Procedure, which differs from state court practice in that respect.

3. I would expect no attempt to be made to divert funds in the hands of or due Spark Tarrytown from the urgent task of maintenance and rehabilitation of its property. See *FHLMC v. Spark Tarrytown*, 829 F.Supp. 82 (S.D.N.Y.1993).